IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TYRONE PEELE                        :    CIVIL ACTION
WE THE PEOPLE (IN REM)              :
                                    :
      v.                            :
                                    :
CAITLIN MCLAUGHLIN, et al.          :    NO. 15-3804

M E M O R A N D U M

PRATTER, J.                                        OCTOBER 1st, 2015

    Mr. Peele was given leave to file an amended complaint by Order dated July 13, 2015 (Document No. 2). He has submitted his amended complaint (Document No. 4) against his probation officer and the City and County of Philadelphia. In his 42 U.S.C. § 1983 amended complaint, he is alleging that his probation officer filed a false report with the Philadelphia Police Department in October of 2011 of Mr. Peele having intimidated a witness. In his prayer for relief, he is seeking money damages and immediate release from incarceration.

    For the following reasons, Plaintiff's amended complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I. DISCUSSION

    The Supreme Court has held that civil rights claims are most analogous to common law tort actions, and are subject to the state statute of limitations for personal injury actions. See Owens v. Okure, 488 U.S. 235 (1989). The Pennsylvania statute of limitations on a personal injury action is two years. See 42 Pa. Cons. Stat. Ann. § 5524. Mr. Peele alleges that Caitlin McLaughlin, his probation officer, filed a false report with the

Philadelphia Police Department on October 11, 2011, in which she alleged that Mr. Peele had intimidated a witness. He filed this civil action on July 7, 2015. Therefore, he is now time-barred from bringing this claim against Ms. McLaughlin.

Mr. Peele's claims against the City and County of Philadelphia will also be dismissed. Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policies, practices, customs, regulations or enactments. Monell v. Department of Social Services, 436 U.S. 658 (1978). There are no such allegations in this amended complaint.

Finally, Mr. Peele is requesting immediate release from incarceration, which is a request that may only be brought in a petition for a writ of habeas corpus. It may not be included in a § 1983 action. Preiser v. Rodriguez, 411 U.S. 475 (1973).

## II. CONCLUSION

Mr. Peele has advanced an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Accordingly, dismissal of this amended complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) is appropriate.